UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GARRETT SMITH,

              Plaintiff,

    v.

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS
et al,

              Defendants.

CASE NO. 3:21-cv-05271-TSZ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: May 21, 2021

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to Chief United States Magistrate Judge J. Richard Creatura. Before the Court is plaintiff John Garrett Smith's declaration and application to proceed *in forma pauperis* ("motion"). Dkt. 4. After reviewing the motion, the Court concludes that plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Therefore, the Court recommends that plaintiff's motion (Dkt. 4) be denied and plaintiff be directed to pay the $402.00 filing fee in order to proceed with this action.

## I.    Background

Plaintiff, who is a Washington State prisoner currently incarcerated at the Stafford Creek Corrections Center ("SCCC"), filed the motion in this civil rights action on April 14, 2021. Dkt. 1, 4. In the proposed complaint, plaintiff alleges that in 2020, defendants interfered with plaintiff's e-mails at SCCC. Dkt. 1-1 at 2. Plaintiff contends that the e-mails contained a "manifesto" of his "life work – an array of patent protected technologies in pure energy, food, air and water, wrapped in dialogue by characters in the novel regarding their application to fix serious world problems." *Id.* at 2.

## II.    Discussion

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs *in forma pauperis* ("IFP") proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court notes that the PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

While incarcerated plaintiff brought at least three actions which were frivolous, malicious, or failed to state a claim. *See Smith v. Settle*, Case No. 3:18-cv-5221-RJB (W.D. Wash. March 30, 2018) (dismissed as frivolous and for failure to state a claim); *Smith v. Aldridge*, Case No. 3:18-cv-5191-RBL (W.D. Wash. May 22, 2018) (dismissed as frivolous and deemed a strike); *Smith v. Walker*, Case No. 3:18-cv-5211-BHS (W.D. Wash. May 31, 2018) (dismissed with prejudice and deemed frivolous under §1915); *Smith v. Browne*, Case No. 3:18-cv-5166-RBL (W.D. Wash. July 30, 2018) (dismissed case as a strike because the case was frivolous and/or malicious); *see also Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1055-56 (9th Cir. 2016) (While not all claims dismissed under *Heck* "categorically count" as failures to state a claim or as frivolous or malicious claims, such dismissals may count as strikes if "the pleadings present an 'obvious bar to securing relief' under *Heck*."). Therefore, plaintiff has incurred three strikes and is barred from proceeding IFP in this action unless he can show he is exempt from the three-strikes rule because he is under imminent danger of serious physical injury. The Court finds that plaintiff has also filed several other lawsuits while incarcerated. As the Court found that plaintiff has incurred at least four strikes, the Court declines to review all lawsuits filed by plaintiff while he was incarcerated to determine if he has incurred more strikes.

1    The three-strikes rule does not apply if "the prisoner is under imminent danger of serious

2    physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based

3    on the alleged conditions at the time the complaint is filed. *Cervantes*, 493 F.3d at 1052. The

4    imminent danger exception requires a prisoner allege a danger which is "ready to take place" or

5    "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted). The Ninth

6    Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to

7    interpret the imminency requirement.'" *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th

8    Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the

9    threat is real and proximate. *Cervantes*, 493 F.3d at 1053 (citing *Lewis v. Sullivan*, 279 F.3d 526,

10   531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

11   Plaintiff alleges that defendants interfered with his e-mails. *See* Dkt. 1-1. Based on the

12   allegations in the complaint is it unclear if plaintiff has stated a claim for which relief can be

13   granted. It is, however, clear that plaintiff does not allege danger of any physical injury, much

14   less an imminent serious physical danger which is "ready to take place" or "hanging

15   threateningly over [his] head." *Cervantes*, 493 F.3d at 1056. Therefore, the imminent danger

16   exception does not apply in this case, and plaintiff is subject to the three-strikes rule.

17   **III.    Conclusion**

18   For the above stated reasons, the Court finds that plaintiff has incurred at least three

19   strikes under 42 U.S.C. § 1915(g) and has not shown the imminent danger exception applies.

20   Therefore, the Court recommends that plaintiff's motion (Dkt. 4) be denied. The Court further

21   recommends that plaintiff be ordered to pay the $402.00 filing fee within thirty (30) days of the

22   date on which this report and recommendation is adopted if he wishes to proceed with this

23

24

1    lawsuit. If plaintiff does not pay the filing fee, the Court recommends that this case be dismissed

2    without prejudice.

3         Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

4    Procedure, the parties shall have fourteen (14) days from service of this Report to file written

5    objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

6    objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

7    limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 21,

8    2021, as noted in the caption.

9         Dated this 4th day of May, 2021.

J. Richard Creatura
Chief United States Magistrate Judge